# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **Michael Jerome Hall,** | Case No. 4:22cv02275 |
| **Plaintiff,** | |
| -vs- | **JUDGE PAMELA A. BARKER** |
| **Warden Brazie, et al.,** | **MEMORANDUM OPINION AND ORDER** |
| **Defendants.** | |

*Pro se* plaintiff Michael Jerome Hall filed this civil rights complaint under 42 U.S.C. § 1983 against "Warden Brazie," Lieutenant Caradine, and Lieutenant Brock (Doc. No.1). Plaintiff directs his claims against the defendants in their individual and official capacities.

For the following reasons, Plaintiff's complaint is dismissed.

## I. Background

Plaintiff's complaint concerns his incarceration at Trumbull Correctional Institution. Plaintiff states that on or about August 14, 2022, he was placed in "the hole" for approximately 25 days for his participation in a fight with another inmate. He alleges that during this time, he was denied recreation. According to the complaint, when Plaintiff asked Lieutenant Caradine and Lieutenant Brock for recreation time, they both advised Plaintiff that he "do[es] not get rec." (Doc. No. 1 at 3). Plaintiff claims that when "Warden Brazie" walked by his cell on one occasion, he asked her why he was being denied recreation and she replied that she did not know. (*Id.*)

## II. Standard of Review

Plaintiff has filed a motion to proceed *in forma pauperis* (Doc. No. 2). The motion is granted.

Accordingly, because Plaintiff is proceeding *in forma pauperis*, and is seeking redress from a governmental employee, Plaintiff's complaint is before the Court for initial screening under 28 U.S.C. §§ 1915(e)(2) and 1915A. Under these statutes, the Court is expressly required to review all *in forma pauperis* actions and all complaints in which a prisoner seeks redress from a governmental officer or employee, and to dismiss before service any such action that the Court determines is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).

To survive scrutiny under these statutes, a *pro se* complaint must set forth sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *See id.* at 471 (holding that the Fed. R. Civ. P. 12(b)(6) dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) governs dismissals under § 1915(e)(2)(B) and § 1915A). The factual allegations in the pleading "must be enough to raise a right to relief above the speculative level ... on the assumption that all the allegations in the complaint are true[.]" *Twombly*, 550 U.S. at 555 (citations omitted). The plaintiff must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986). A court must read a *pro se* complaint indulgently. *See Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed.2d 652 (1972). Courts are not required, however, to accept as true factual allegations that are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992)

A claim has facial plausibility when there is enough factual content present to allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When a claim lacks "plausibility in th[e] complaint," that cause of action fails to state a claim upon which relief can be granted. *Twombly*, 550 U.S. at 564.

When reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998) (citing *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996)). The Court is not required, however, to conjure unpleaded facts or construct claims against defendants on behalf of a *pro se* plaintiff. *See Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (citation omitted); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277-78 (4th Cir. 1985).

### III. Law and Analysis

#### A. Official Capacity Claims

Plaintiff indicates in his complaint that he is suing the defendants in their official and individual capacities.

The State of Ohio and its agencies are immune from suit under the Eleventh Amendment of the United States Constitution unless the State's immunity has been abrogated by Congress or the State of Ohio has consented to be sued. *See Regents of the Univ. of Calif. v. Doe*, 519 U.S. 425, 429, 117 S. Ct. 900, 137 L. Ed. 2d 55 (1997) (Eleventh Amendment immunity applies to state agencies and instrumentalities) (citations omitted). When enacting § 1983, Congress did not abrogate the State's Eleventh Amendment immunity. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989). Nor has the State of Ohio consented to suit under § 1983. *See Wolfel v. Morris*, 972 F.2d 712, 718 (6th Cir. 1992) (the State of Ohio has not waived its Eleventh Amendment immunity from suit in § 1983 cases). And "a suit against a state

official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *Will*, 491 U.S. at 71; *see also Grinter*, 532 F.3d at 572 (6th Cir. 2008). Therefore, Eleventh Amendment immunity extends to state officials sued in their official capacity. *McCormick v. Miami Univ.*, No. 1:10-cv-345, 2011 U.S. Dist. LEXIS 48467, at *55-56 (S.D. Ohio May 5, 2011) (citing *Turker v. Ohio Dep't Rehabilitation & Corr.*, 157 F.3d 453, 457 (6th Cir. 1998)).

Here, the defendants are (or were) employed by Trumbull Correctional Institution and therefore state employees. Accordingly, Plaintiff's official capacity claims against the defendants are construed as claims against the State of Ohio. And because the State of Ohio is immune from suit, Plaintiff's official capacity claims against the defendants for monetary relief are also barred under the Eleventh Amendment. *See Kentucky v. Graham*, 473 U.S. 159, 169, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985) ("This [Eleventh Amendment] bar remains in effect when State officials are sued for damages in their official capacity").

Plaintiff therefore fails to state a cognizable claim against the defendants in their official capacities.

### B. Lieutenants Caradine and Brock

Plaintiff claims that he did not receive adequate recreation during his incarceration at Trumbull Correctional. This claim could be liberally construed to be asserted under the Eighth Amendment.

The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous," nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 346, 101 S. Ct. 2392, 69 L. Ed. 2d 59 (1981). The Eighth Amendment therefore prohibits conduct by prison

officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346).

The Supreme Court in *Wilson v. Seiter*, 501 U.S. 294, 298, 111 S. Ct. 2321, 115 L. Ed. 2d 271 (1991), established a framework for courts to use when deciding whether certain conditions of confinement constitute cruel and unusual punishment prohibited by the Eighth Amendment. A plaintiff must first plead facts which, if true, establish that a sufficiently serious deprivation has occurred. *Id.* Seriousness is measured in response to "contemporary standards of decency." *Hudson v. McMillian*, 503 U.S. 1, 8, 112 S. Ct. 995, 117 L. Ed. 2d 156 (1992). Routine discomforts of prison life do not suffice. *Id.* Only deliberate indifference to serious medical needs or extreme deprivations regarding the conditions of confinement will implicate the protections of the Eighth Amendment. *Id.* at 9. A plaintiff must also establish a subjective element showing the prison officials acted with a sufficiently culpable state of mind. *Id.* Deliberate indifference is characterized by obduracy or wantonness, not inadvertence or good faith error. *Whitley v. Albers*, 475 U.S. 312, 319, 106 S. Ct. 1078, 89 L. Ed. 2d 251 (1986). Liability cannot be predicated solely on negligence. *Id.* A prison official violates the Eighth Amendment only when both the objective and subjective requirements are met. *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994).

Plaintiff does not satisfy the objective component of the Eighth Amendment. The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted). Here, Plaintiff was held in segregation for 25 days. During that time, he was not permitted to exercise outside of his cell. This is not the type of extreme deprivation that invokes the Eighth Amendment. *See Griffin v. Coleman*, No. 3:17-cv-01051, 2019 U.S. Dist. LEXIS 25154, at *7

(N.D. Ohio Feb. 15, 2019) (denial of recreation outside and regular showers for 30 days while prisoner was in segregation was not a violation of the Eighth Amendment).

Moreover, even if Plaintiff had met the objective component of the Eighth Amendment, he fails to establish the subjective component. Plaintiff states that when he asked Lieutenants Caradine and Brock for recreation time, they told Plaintiff that he does not get recreation. This response does not show the prison officials acted with a sufficiently culpable state of mind. Rather, it appears that the defendants believed Plaintiff was not entitled to recreation time. According to the complaint, an investigation revealed that Plaintiff was denied recreation "due to the severity of the rule infraction" for which Plaintiff was placed in segregation. (*See* Doc. No. 1-1 at 1). The lieutenants' purportedly mistaken belief that Plaintiff was not permitted recreation while in segregation therefore constitutes negligence, at best.

Plaintiff therefore fails to state a cognizable Eighth Amendment claim against Lieutenants Caradine and Brock.

### C. "Warden Brazie"

To state a claim under § 1983, a plaintiff must allege that a person acting under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. *See West v. Atkins*, 487 U.S. 42 (1988). To hold an individual defendant liable under § 1983, a plaintiff must allege "personal involvement" in the alleged unconstitutional conduct. *See Grinter*, 532 F.3d at 575 (personal involvement is required to incur liability under § 1983). Concerning any claim in their individual capacity, the defendants cannot be liable for a § 1983 claim "premised solely on a theory of respondeat superior, or the right to control employees." *Heyerman v. Cnty. of Calhoun*, 680 F.3d 642, 647 (6th Cir. 2012). Rather, any liability under § 1983 must be "based only on [the defendants] own unconstitutional behavior." *Id.*; *see also Gibson*

*v. Matthews*, 926 F.2d 532, 535 (6th Cir. 1991) (noting that personal liability "must be based on the actions of that defendant in the situation that the defendant faced, and not based on any problems caused by the errors of others, either defendants or non-defendants"). "Because vicarious liability is inapplicable to ... § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. A plaintiff must therefore show, "that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers." *Hays v. Jefferson Cnty., Ky.*, 668 F.2d 869, 874 (6th Cir. 1982).

Here, Plaintiff alleges that one day Warden Brazie walked by his cell and Plaintiff asked her why he was not getting recreation time. According to Plaintiff, the warden responded that she did not know. (*See* Doc. No. 1 at 4). These facts fail to suggest that the warden was personally involved in the alleged constitutional violation. And an allegation of a mere failure to act or the failure to properly supervise an employee is insufficient to state a claim under § 1983.

Plaintiff therefore fails to state a claim against the warden upon which relief can be granted.

### IV. Conclusion

Accordingly, Plaintiff's motion to proceed *in forma pauperis* (Doc. No. 2) is granted, and this action is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

Date: March 24, 2023

s/*Pamela A. Barker*
PAMELA A. BARKER
U. S. DISTRICT JUDGE